# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5864 | **DATE** | August 7, 2012 |
| **CASE TITLE** | Jerrell Walker (#A-60441) vs. Lt. Johnson, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $5.23 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center. On the Court's own motion, "Police Supervisor" is dismissed as a Defendant on initial review pursuant to 28 U.S.C. § 1915A, as are Counts 3 through 7. The Clerk is directed to issue summons for service on Defendant Kane by the U.S. Marshal. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [For further details see text below.]    **Docketing to mail notices.**

## STATEMENT

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant, a Chicago police officer, violated Plaintiff's constitutional rights by using excessive force–running Plaintiff over with his squad car. Plaintiff also asserts claims sounding in battery, intentional infliction of emotional distress, unlawful seizure, conspiracy, failure to intervene, and *respondeat superior*.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $5.23. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Accepting Plaintiff's allegations as true, the court concludes, after conducting the review called for by 28 U.S.C. § 1915A, that the complaint articulates colorable causes of action against Officer Kane for excessive force and battery. A police officer may use only "reasonable" force when effecting an arrest. *See, e.g., Smith v. City of Chicago*, 242 F.3d 737, 743 (7th Cir. 2001). While a more fully developed record may belie Plaintiff's allegations, Defendant Kane must respond to the complaint.

As to the Defendant named only as "Police Supervisor," however, the complaint is dismissed. Plaintiff has alleged no facts suggesting the supervisor's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).

Counts 3 through 7 are likewise dismissed on preliminary review. The facts alleged do not support a cause of action for unlawful seizure, intentional infliction of emotional distress, conspiracy, or failure to intervene. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Plaintiff identifies several causes of action in his complaint but offers no factual allegations to support those counts.

The Clerk shall issue summonses forthwith and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve Defendant Kane. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Officer Kane can no longer be found at the work address provided by Plaintiff, the Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file,
nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including

**STATEMENT (continued)**

any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.